IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CR-15-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MARK DAVIS and LAWANDA RAGLAND, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on defendants' motion for discovery sanctions (DE 117). The government responded (DE 118) and the court held hearing on the matter on August 12, 2013. For reasons set forth below, defendants' motion will be granted in part and denied in part. Additionally before the court is defendants' oral motion, made at hearing, for extension of time to file pretrial motions. For reasons given, the court grants this motion.

**BACKGROUND**

On January 19, 2012, Defendants Mark Davis ("Davis") and LaWanda Ragland ("Ragland") were named in a fourteen (14) count indictment charging them with conspiracy to commit access device fraud and to possess stolen mail, in violation of 18 U.S.C. § 371; access device fraud, in violation of 18 U.S.C. §§ 1029(a)(3) and 2; aggravated identity theft and aiding and abetting, in violation of 18 U.S.C. §§ 1028A and 2; and eleven (11) counts of possession of stolen mail, in violation of 18 U.S.C. §§ 1708 and 2. The government alleges that defendants stole mail from mail receptacles and mail boxes from various locations in and around Henderson, North Carolina,

searching the mail for means of identification, including, but not limited to, names, addresses, driver's license numbers, credit card numbers, bank account numbers, social security numbers, dates of birth, and maiden names. The government further alleges that defendants knowingly and with intent to defraud possessed fifteen or more counterfeit and unauthorized access devices, unlawfully possessed and used means of identification of another person or persons, and knowingly possessed stolen mail.

By scheduling order, entered February 1, 2012, the court ordered the attorneys in this case to conduct a pre-trial discovery conference on or before February 17, 2012. Pursuant to Local Criminal Rule 16.1(b), at conference the government was obliged to allow counsel for the defendants to inspect and copy all discoverable evidence under Federal Rule of Criminal Procedure 16. In lieu of a conference, the government sent a disk containing 1,279 pages of discovery on February 15, 2012, and stated that they would make available – at defendants' request – any other evidence necessary to comply with Local Criminal Rule 16.1 and Federal Rule of Criminal Procedure 16. Apparently, defense counsel assumed the disk contained all the discoverable information then in the government's possession or to which it had access, which assumption was not correct as it related to a large volume of evidence seized from the residence of defendants, as they later learned.

On April 27, 2012, defendants moved to suppress all evidence resulting from the May 14, 2008, search of defendants' residence at 217 Sarah Lane, in Vance County, North Carolina, which evidence formed the basis for these charges. The motion was referred to United States Magistrate Judge Robert B. Jones, Jr., who entered a memorandum and recommendation (M&R) recommending the motion be denied in large part, except as to six of the three hundred and sixty-nine (369) items seized and inventoried. The court adopted the M&R in large part, denying the motion in part except

2

as to four items seized. Items seized included allegedly stolen mail, access devices, and computers.

Meanwhile, the government continued to produce supplemental discovery after the February 17, 2012, deadline, on May 14, 2012, May 16, 2012, June 27, 2012, May 22, 2013, and May 29, 2013. Defendants were arraigned on June 14, 2013. At defendants' arraignment, the government moved for additional time to comply with its discovery requirements. Such motion was not opposed by defendants, and the court extended the discovery deadline until June 28, 2013. A new deadline for the making of pretrial motions was given, and trial set for September 9, 2013.

Although the extended discovery deadline has come and gone, the government nevertheless continues to investigate information it possesses from the May 14, 2008, search, and to produce discovery. The government produced further discovery on July 23, and 24, 2013. Additionally, the government informed defendants on July 24, 2013, that it had subpoenaed defendants' bank records and that its further investigation likely will lead to further discovery materials. At hearing, defendants informed that the banks had responded to the government's subpoena, and defendants received copies of these materials on August 6, 2013. Defense counsel for Ragland indicated she had spent much of the past weekend pouring over the bank records just received.

Defendants moved for discovery sanctions based on these continuing disclosures. They argue that the government has produced voluminous discovery in an unacceptable piecemeal fashion over the course of this case, noting that the government has been in possession of or had access to much of the material since May 14, 2008.

Defendants also note that the government has not provided them with copies of many of the documents seized, but has only allowed counsel to review these documents (the "bulk files") inside

3

the U.S. Attorney's office while monitored at all times.[1] While defendants do not claim this practice violates any rules, they maintain it has made the discovery process far more arduous.

Defendants request that the court exclude from trial all evidence which was in the custody or control of the government, or that through the existence of due diligence may have become known to the attorney for the Government, and was not made available to defendants by the court's original deadline of February 17, 2012. In the alternative, defendants move to exclude all evidence in the custody or control of the government, or that through the existence of due diligence may have become known to the attorney for the Government, which not produced by the second deadline of June 28, 2013. Defendants also request that discovery be closed as of June 28, 2013.

The court held hearing on the motion on August 12, 2013. At hearing defendants clarified that central to their concerns are the updated computer forensic report received July 24, 2013,[2] the government's recent subpoena of defendants' bank records, copies of which defendants informed they received August 6, 2013, and any other ongoing investigation related to materials in the government's possession since May of 2008.

**COURT'S DISCUSSION**

A. Standard of Review

Federal Rule of Criminal Procedure 16(a) outlines the government's disclosure obligations

---

[1] At hearing the government stated that as it now is informed a joint defense agreement exists between defendants, it will no longer monitor defense counsel when they are reviewing these documents so as to allow them the ability to discuss their findings in confidence.

[2] At hearing the government informed that the updated forensic report contained the same raw data as a prior forensic report provided to defendants May 16, 2012, but was organized and presented in a dramatically different fashion. The attorney for the government then stridently maintained that defendants were shown this new report in a meeting held on April, 2013, at which Agent William Pitcher, creator of the original report, was present. Defense counsel contested this, saying they had not met with Agent Pitcher or been shown the updated report until July 24, 2013. The court called a ten-minute recess so as to allow the government's attorney to contact Agent Pitcher. After contacting Agent Pitcher, the government admitted that it had not presented the new report to defense counsel until July 24, 2013.

4

in a criminal case. Among other things, this rule provides that

> the government must permit the defendant to inspect and copy or photograph books, papers, documents, data, photographs, tangible object, buildings, or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defendant; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). Rule 16 also provides for a continuing duty to disclose, stating that a party who "discovers additional evidence or material before or during trial must promptly disclose its existence to the other party or the court if: (1) the evidence or material is subject to discovery or inspection under this rule; and (2) the other party previously requested, or the court ordered, its production." Fed. R. Crim. P. 16(c). If a party is not compliant with its discovery obligations,

> the court may (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances.

Fed. R. Crim. P. 16(d)(2).

The decision to impose sanctions pursuant to Rule 16(d)(2) lies within the sound discretion of the trial court. United States v. Young, 248 F.3d 260, 269 (4th Cir. 2001). In the exercise of its discretion, however, the court must consider "the reasons for the government's delay and whether it acted intentionally or in bad faith; the degree of prejudice, if any, suffered by the defendant; and whether any less severe sanction will remedy the prejudice and the wrongdoing of the government." United States v. Gonzales-Flores, 701 F.3d 112, 116 (4th Cir. 2012) (quoting United States v. Hastings, 126 F.3d 310, 317 (4th Cir. 1997)). The Fourth Circuit has held that "[w]hen a court sanctions the government in a criminal case for its failure to obey court orders, it must use the least severe sanction which will adequately punish the government and secure future compliance."

5

Hastings, 126 F.3d at 317. The Fourth Circuit has also recently stated that "a continuance is the preferred [discovery] sanction." United States v. Sterling, --- F.3d ----, 2013 WL 3770692 at *24 (4th Cir. 2013).

B.  Analysis

Defendants' requested sanction of exclusion of evidence produced after February 17, 2012, is inappropriate where the court extended the discovery deadline to June 28, 2013, on motion of the government without any objection by defendants. Defendants' alternative requested sanction that and all evidence gathered or disclosed after June 28, 2013, by the government be excluded also is inappropriate in light of this circuit's guidance that the court should use the least severe sanction necessary. See Hastings, 126 F.3d at 317. Indeed, the Fourth Circuit has repeatedly noted that "[t]he sanction of exclusion of testimony, however, 'is almost never imposed' absent a constitutional violation or statutory authority for the exclusion." United States v. Mullins, 263 F. App'x 342, 344 (4th Cir. 2008) (citing United States v. Charley, 189 F.3d 1251, 1261 (10th Cir. 1999)); see also United States v. Suthar, 221 F. App'x 199, 202 (4th Cir. 2007) (same); United States v. Hall, 7 F. App'x 301, 303, (4th Cir. 2001) (same). Here there is no evidence that the government has acted in bad faith, and wholesale exclusion is not necessary to remedy the prejudice suffered by defendants.

Although total exclusion of the government's evidence is not appropriate, the court nevertheless finds that sanctions are warranted. Contrary to what the government argued at hearing, its recent disclosures of evidence it had in its possession – or with reasonable diligence would have been aware of – since 2008 are not examples of its compliance with its continuing discovery obligation pursuant to Rule 16(c). They are untimely disclosures of evidence which in the exercise

6

of due diligence should have been investigated and disclosed prior to the expiration of the extended discovery deadline, established at the request of the government.[3] The government has violated the terms of this court's discovery order as trial draws near, prejudicing defendants in their trial preparation. Therefore, while the court will not exclude the entire body of materials untimely produced after the June 28, 2013, deadline, it will exclude the updated forensic report produced July 24, 2013. The court finds such sanction appropriate where the data contained in the original report is the same; thus the government will be able to present its evidence, and defense counsel will not have to spend time and resources in learning to understand and respond to the newly formatted report when they have already expended those resources with respect to the original report.

The court made mention of the taxpayers' significant investment in this proceeding, drawing down on skilled CJA attorneys to provide representation to defendants, and that a part of this investment has been directed towards understanding with aid of an expert as counsel indicated the government's presentation of computer data drawn from computers which have been in its possession for around five years. It is fundamentally unfair and wasteful to change this method of data presentation after the close of discovery. While there was no mention June 14, 2013, of any ongoing effort in this regard, the government said the late disclosure came about when it was able to get resources to reconfigure in a more user friendly way that data, in aid to its trial presentation. This is not cause for changing the terms for what was disclosed May 16, 2012.

In order to remedy the prejudice accruing to defendants from other late disclosures of new information, the court will give defendants a choice of going forward with trial as scheduled now,

---

[3] The court further notes that neither the government's largely off-topic response to defendants' motion, nor its evasive answers at hearing regarding its late disclosures have served it well.

or continuing the trial to a later date. If within seven days from entry of this order defendants file a motion to continue, representing discussion with the government, they may propose alternative dates for trial and the court will continue trial and endeavor to accommodate one of those preferred trial dates.

The government offered at hearing a continuance and indicated willingness to accommodate in this case these defendants in certain efforts. In order to expedite discovery, the government is further directed to grant defense counsel unfettered access to the bulk files and to continue to allow defense counsel to review those documents without being monitored.

Finally, the parties are forewarned that no further evidence which should have been provided by the close of discovery will be admissible at trial absent agreement by the parties or order of the court.

Where the deadline for pretrial motions has expired during the pendency of defendants' motion for sanctions, defendants' motion to extend such deadline will be granted. Such deadline will be established by an order to follow when the date of trial has been firmly established. If defendants choose to go forward with the established trial date, in lieu of motion to continue, after consultation with the government they shall file within seven days a proposed consent order, setting a new motions deadline. To the extent the government's stated willingness at hearing to accommodate in this case efforts of defendants extends to their discovering early statements or other information which may not be required to be tendered to them in the pre-trial period, is memorialized in writing as between the parties, the court requests a copy of that information for its file.

## CONCLUSION

In accordance with the foregoing the court GRANTS in part and DENIES in part defendants' motion for sanctions. The government's updated forensic report will be excluded from trial, and the government is DIRECTED to grant defense counsel unfettered access to the bulk files. Defendants are DIRECTED to inform the court if they wish to continue trial within the next seven days.

SO ORDERED, this 14th day of August, 2013.

LOUISE W. FLANAGAN
United States District Judge